**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

M-COR STEEL, INC.,

      **Plaintiff,**

  v.

WILLIAM D. RODGERS dba
TBI STEEL,

      **Defendant.**

Case No. 2:17-MC-035
ALGENON L. MARBLEY
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION

This matter is before the Court for a Report and Recommendation and Certification of Facts to the District Court regarding Defendant William D. Rodgers' failure to appear before the undersigned for a show-cause hearing on March 14, 2018, on the issue of why he should not be held in contempt of court for his failure to appear for a judgment debtor examination.

For the reasons that follow, it is **RECOMMENDED** that a show-cause order be issued to Defendant William D. Rodgers to appear before the district judge on a date certain and show cause why he should not be held in contempt of this Court.

### I. MAGISTRATE JUDGE'S AUTHORITY ON MOTION FOR CONTEMPT

"Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges." *Lykins Oil Co. v. Hoskins Oil Co., LLC*, No. 1:14-CV-832, 2017 WL 1180932, at *1 (S.D. Ohio Mar. 29, 2017), *report and recommendation adopted*, No. 114CV00832, 2017 WL 2160518 (S.D. Ohio May 17, 2017) (citing 28 U.S.C. § 636(e)(1)). That section provides that a "magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to

exercise contempt authority as set forth in this subsection." *Id.* In civil cases where the parties have not consented to final judgment by the magistrate judge, contempt is governed by Section 636(e)(6)(B):

> (6) Certification of other contempts to the district court.—Upon the commission of any such act—
> ....
> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where—
>
> > (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,
> >
> > (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
> >
> > (iii) the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B).

Thus, "the magistrate judge's role on a motion for contempt in non-consent cases is to certify facts relevant to the issue of contempt to the district judge." *Lykins Oil Co.*, 2017 WL 1180932, at *1 (citing *Int'l Brotherhood of Elec. Workers, Local 474 v. Eagle Elec. Co., Inc.*, No. 06-2151, 2007 WL 622504, at *1, n.1 (W.D. Tenn. Feb. 22, 2007); *United States v. Ivie*, No. 05-2314, 2005 WL 1759727, at *1, n.1, and *2 (W.D. Tenn. June 14, 2005); *NXIVM Corp. v. Bouchey*, No. 1:11-mc-0058, 2011 WL 5080322, at *3 (N.D.N.Y. Oct. 24, 2011) (and cases cited therein)). "The certification of facts under section 636(e) serves to determine whether the

moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Id.* (citations omitted).

## II. CERTIFIED FACTS

The following facts are certified to the district court: Plaintiff M-Cor Steel, Inc. obtained a judgment against Defendant William D. Rodgers dba TBI Steel in the principal amount of $128,937.16 on October 21, 2016 in the United States District Court for the Western District of Pennsylvania. (Docs. 1, 4-3). The judgment was transferred to this Court and entered and filed on June 21, 2017, against Defendant and in favor of Plaintiff. (Doc. 4). That judgment has not been paid.

In aid of the judgment, on July 17, 2017, Plaintiff moved for a judgment debtor examination of Mr. Rodgers. (Doc. 4). The Court granted Plaintiff's Motion, and ordered Mr. Rodgers to appear in Court for a judgment debtor examination on August 4, 2017. (Doc. 5). Due to service issues, the debtor examination was rescheduled for January 9, 2018. (Doc. 60). Mr. Rodgers, however failed to appear for the judgment debtor examination hearing. (*See* Doc. 70).

On February 20, 2018, Mr. Rodgers was ordered to appear before the undersigned on March 14, 2018, to show cause why he should not be held in contempt of court for failing to appear for the judgment debtor examination. (*Id.*). The docket reflects that the show-cause Order was sent to Mr. Rodgers both via regular and certified mail. Nevertheless, Mr. Rodgers failed to appear at the March 14, 2018 hearing, failed to notify the Court that he would not be present, and failed to seek a continuance or otherwise object. A court reporter was present and recorded the fact of Mr. Rodgers' non-appearance.

3

## III. DISCUSSION

It is well established that "[d]isobedience of a lawful court order may be punishable as contempt." *Lykins Oil Co.*, 2017 WL 1180932, at *2 (citing *Glover v. Johnson*, 138 F.3d 229, 245 (6th Cir. 1998)). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 588 (6th Cir. 1987).

> In order to hold a litigant in contempt,
>
> the moving party must demonstrate "by clear and convincing evidence that the party to be held in contempt violated a court order." *U.S. v. Conces*, 507 F.3d 1028, 1042 (6th Cir. 2007); *Gary's Elec. Serv. Co.*, 340 F.3d at 379. "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379. To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted). The Court must consider whether the defendant "took all reasonable steps within his power to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quotation omitted).

*Lykins Oil Co.*, 2017 WL 1180932, at *2.

In the instant case, Mr. Rodgers' failure to appear before the Court after being ordered to do so by the undersigned constitutes disobedience of lawful court orders and thus contempt before the magistrate judge. *See id.* (citing *United States v. Ivie*, 2005 WL 1759727, at *2 ("Contempts committed in a proceeding before a magistrate judge include not only contempts committed in the magistrate judge's presence, but also contempts related to proceedings before the magistrate judge.") (internal quotations and citations omitted)).

Consequently, it is recommended that the district judge issue a show-cause order to Defendant William D. Rodgers to appear at a date certain before the district judge to show cause

4

during a hearing why he should not be held in contempt of court for failing to obey this Court's Orders. (Docs. 60, 70).

## IV. CONCLUSION

It is hereby **RECOMMENDED** that the district judge issue a show cause order to defendant William D. Rodgers to appear at a date certain before the district judge to show cause during a hearing why he should not be held in contempt of this Court's Orders. (Docs. 60, 70).

IT IS SO ORDERED.


Date: March 14, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE